**Emilia Erni HURTADO–RAMOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70245.

Agency No. A71–576–778.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Jan. 8, 2004.

Alejandro Garcia, City of Commerce, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Leslie Cayer Ohta, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM[**]

Emilia Erni Hurtado–Ramos, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' streamlined affirmance of the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that the two anonymous death threats Hurtado–Ramos received were, without more, insufficient to demonstrate past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that unfulfilled threats, without more, do not compel a finding of past persecution where

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

threats are not so menacing as to cause significant actual suffering or harm). Moreover, the record does not compel a finding that Hurtado–Ramos held a well-founded fear of future persecution on account of a statutorily-enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

By failing to qualify for asylum Hurtado–Ramos necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\* John Ashcroft, Attorney General, is the correct respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.